# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CASE NO.: |
| | § | |
| $222,200.00 UNITED STATES CURRENCY, | § | |
| Defendant. | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture and alleges upon information and belief:

### Nature of Action

1.      This is a civil forfeiture action in rem brought under:

a.      18 U.S.C. § 981(a)(1)(C) which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7) which incorporates 18 U.S.C. § 1961(1) and includes any offense involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States), or a conspiracy to commit such offense; and

b.      21 U.S.C. § 881(a)(6) which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an

exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## Jurisdiction and Venue

2.      This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355, 1391, and 1395.

## Defendant Property

4.      The Defendant is $222,200.00 in United States currency ("Defendant Property"). Law enforcement officers seized Defendant Property on or about May 19, 2018, from Roddrick Faulkner ("Claimant") at the George Bush Intercontinental Airport in Houston, Texas.   Defendant Property was located inside of Claimant's carry-on bag bundled in the pockets of several articles of clothing.   Defendant Property is on deposit in a United States Customs and Border Protection ("CBP") seized asset deposit fund account located at a Federal Reserve Bank.

5.      Claimant filed a claim with CBP contesting the administrative forfeiture of Defendant Property.   Claimant stated in his claim that he is the owner of Defendant Property.

## Factual Basis

6.      On May 19, 2018, law enforcement agents with the United States Department of Homeland Security Investigations ("HSI") in Houston, Texas, approached Claimant after he arrived in Houston on an airline flight from Indianapolis, Indiana.   Agents introduced themselves as HSI agents and asked to speak with Claimant, and Claimant agreed.

7.      Claimant told agents that he had traveled to Houston to buy some property and watch his son's basketball game.   Agents told Claimant that they had received a report that

2

Claimant was traveling with a large sum of cash, and asked Claimant for consent to search Claimant's carry-on bag. Claimant consented to the search.

8. Inside Claimant's carry-on bag, Agents found several articles of clothing with Defendant Property wrapped in rubber bands inside the pockets of those articles of clothing. The articles of clothing appeared to be of mixed gender and not Claimant's size.

9. Claimant told agents that Defendant Property was his and was derived from the sale of homes. Claimant stated that he believed he had only $40,000.00, and that he had brought Defendant Property to Houston to purchase property off of Highway 99. (Claimant earlier told a Transportation Security Administration worker that Defendant Property was to pay an attorney for services in connection to a child custody matter). Claimant, however, did not know the address of the real property, was unable to show the agents a real estate listing for the property, had no images of it, had not seen any images of the real property, and claimed that he often buys property "sight unseen."

10. Agents asked Claimant if he had any documentation regarding the source of Defendant Property and Claimant was unable to produce any documentation showing a legitimate source for Defendant Property. Claimant then stated that Defendant Property came from several business associates.

11. When removing Defendant Property from the Claimant's carry-on bag, one of the agents smelled the odor of marijuana coming from inside the carry-on bag.

12. A canine trained in the detection of narcotics alerted to the presence of narcotics on Defendant Property.

13. Claimant has been arrested several times for possession of and distribution of

cocaine and marijuana.

14.    Defendant Property constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7) which incorporates 18 U.S.C. § 1961(1) and includes any offense involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States), or a conspiracy to commit such offense.

15.    Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

<u>Notice to Any Potential Claimants</u>

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.   The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300,

4

Houston, Texas 77002.

Prayer

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under Title 18 U.S.C. § 981(a)(1)(C) and Title 21 U.S.C. § 881(a)(6) and for such costs and other relief to which the United States of America may be entitled.

> Respectfully submitted,
> Ryan K. Patrick
> United States Attorney
>
> By:     */s  E. Vincent Carroll*
> E. Vincent Carroll, AUSA
> SDTX ID No. 1804030
> 1000 Louisiana, Suite 2300
> Houston, Texas 77002
> Fax: 713.718.3300
> Phone: 713.567.9331
> Email:   Vincent.Carroll@usdoj.gov

5

<u>Verification</u>

I, Terry R. Muise, a Special Agent employed by the Department of Homeland Security, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem, and that the facts stated in that Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 14th day of September, 2018.

Terry R. Muise
Special Agent
Department of Homeland Security

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing has been served upon the following in the manner indicated on September 14, 2015:

<u>Counsel for Roddrick Keith Faulkner</u> (certified mail/rrr)
Stephen Gerald Gray
Attorney at Law
2925 Senour Road
Indianapolis, Indiana 46239

                                                            _/s   E. Vincent Carroll_____
                                                            E. Vincent Carroll
                                                            Assistant U.S. Attorney